IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE CAHILL, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>FISERV, INC.,<br><br>        Defendant. | Civil Action No.:<br><br>Collective Action<br><br>**JURY TRIAL DEMANDED**<br><br>Electronically Filed |

**COMPLAINT**

1. Named Plaintiff Jane Cahill, brings this collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), against Defendant Fiserv, Inc. ("Fiserv"). Plaintiff, on behalf of herself and similarly situated Fiserv employees in the United States, seeks to recover overtime compensation, interest, liquidated damages, costs and reasonable attorney's fees for present and former employees who worked or are working in positions similar to hers who have not been paid overtime compensation for all hours worked in excess of 40 hours each work week.

2. The class period is designated as December 23, 2005 through the date of judgment in this action, based on the allegation that the violations described in the Complaint have been ongoing since at least that date. During the class period, Fiserv has had a willful and consistent practice of permitting, encouraging and/or requiring Plaintiff and the class she seeks to represent to work in excess of forty hours per week without paying them overtime compensation despite Fiserv's knowledge that such compensation is required by the FLSA.

**THE PARTIES**

3. Named Plaintiff Jane Cahill is an adult who resides in Allegheny County, Pennsylvania. She has been employed by Fiserv at its location in Allegheny County and by its predecessor companies for nearly forty years.

4. Although Plaintiff's job titles have included "customer service representative," "client support," and "account manager," her job duties have remained essentially unchanged. These have included answering the telephone, assisting clients with trouble-shooting, diagnosing of computer-related problems, and the drafting of trouble "tickets" when routine problems need special attention by computer programmers or analysts.

5. Fiserv has paid Plaintiff on a salary basis and has failed to pay her for hours worked beyond forty per week, despite permitting, encouraging and/or requiring her to work overtime hours.

6. Plaintiff has consented in writing to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b). Her consent is attached hereto as Exhibit A.

7. Fiserv is a Wisconsin corporation, has its corporate headquarters in Brookfield, Wisconsin, and is an "employer" as that term is defined under the FLSA.

8. According to its website, Fiserv delivers integrated technology and service solutions to more than 18,000 clients worldwide and has 25,000 employees.

9. Upon information and belief, Fiserv is a domestic corporation doing business within this District.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and pursuant to 29 U.S.C. § 216.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(ii) as Fiserv transacts business in this District and employed Plaintiff Cahill in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff has worked for Fiserv or its predecessors as a "help desk" worker for nearly forty years. For the past fifteen years, she had been employed by Fiserv, which terminated her employment on July 1, 2008.

13. Cahill has a high school education and no advanced or specialized training in computer science, programming, or engineering.

14. Throughout her employment with Fiserv, Cahill's responsibilities and duties consisted primarily of answering the telephone, helping clients on the telephone with trouble-shooting, diagnosing computer-related problems, and drafting of trouble "tickets" when routine problems needed special attention by a computer programmer or systems analysts.

15. On information and belief, Fiserv employs hundreds of employees with various position titles in the United States whose duties and responsibilities are similar to those that Plaintiff had with Fiserv.

16. As such, Plaintiff and other employees similarly situated are not exempt from the over-time provisions of the FLSA.

17. Cahill's regularly scheduled work hours were from 8:00 a.m. to 5:00 p.m., Monday through Friday.

18. Despite being regularly scheduled to work forty hours per work week, Cahill and, on information and belief, other employees similarly situated, worked in excess of forty hours per work week by coming into the office early, working through the lunch hour, or by staying at work past 5:00 p.m. to complete tasks.

19. On average, Plaintiff, and, on information and believe, other employees similarly situated, worked between approximately five and approximately ten hours in excess of forty each work week, but were not paid over-time for any hours worked in excess of forty.

20. On information and belief, Fiserv has a variety of records which would show the hours Cahill and other employees similarly situated actually worked, including "billing records," phone call records, and computer login records.

21. During the three years prior to the filing of the Complaint, Fiserv had knowledge that help desk workers and persons performing similar functions were not exempt from the overtime provisions.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this collective action on behalf of herself and the following Class:

> all persons employed by Fiserv in the United States at any time during the period from December 23, 2005 through the date of judgment in this action who elect to opt-in to this action who worked in any of the following general job categories: help desk worker, customer service representative, client support worker, account manager, or any other position with similar job responsibilities.

23. On information and belief, the Class size numbers in the hundreds. Plaintiff will determine the exact class size through discovery.

24. Plaintiff is similarly situated to other persons employed by Fiserv with position titles of help desk worker, customer service representative, client support worker, account manager, and other position titles with similar job responsibilities who, on information and belief, worked over 40 hours per week but were not paid overtime.

25. Common questions of fact and law include but are not limited to:

      a.      whether Fiserv has failed and/or refused to pay Plaintiff and the Class overtime pay for all hours worked in excess of 40 hours per work week;

      b.      whether Fiserv's policy of failing to pay Plaintiff and the Class for hours worked in excess of 40 per week violated the FLSA;

      c.      whether Fiserv's failure to pay Plaintiff and the Class overtime pay for all hours worked in excess of 40 hours per work week was willful.

## CAUSE OF ACTION

## Fair Labor Standards Act

26. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27. At all relevant times, Fiserv was an "employer" as defined under the FLSA, 29 U.S.C. § 203(d).

28. Fiserv is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

29. At all relevant times, Plaintiff and other employees similarly situated were or are employees within the meaning of Section 3 of the FLSA, 29 U.S.C. § 203.

30. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

31. The overtime wage provisions set forth in the FLSA apply to Fiserv and the positions held by Plaintiff and the Class are not exempt from FLSA's overtime requirements.

32. Fiserv has engaged in a willful practice of violating the FLSA by not paying Plaintiff and the Class one and one-half times their hourly rate for all hours worked in excess of forty each work week.

33. Because Fiserv's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

34. As a result of Fiserv's willful acts, Plaintiff and the Class have been deprived of overtime compensation and other wages in amounts to be determined, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 2l6(b).

35. The records concerning the number of excess hours worked by Plaintiff and the Class and the compensation they received are in the exclusive possession and control of Fiserv and its agents. Plaintiff thus is unable to state, until discovery is obtained, the amount owed to Plaintiff and the Class.

36. Plaintiff intends to undertake appropriate action pursuant to 29 U.S.C. §216(b) to have members of the Class members notified of the pendency of this action so they may join this action as plaintiffs by filing written consents to joinder with the Court.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of herself and the Class, prays for the following relief:

    A.    That the Court declare, adjudge and decree that this action is a proper FLSA collective action and certify the proposed class pursuant to 29 U.S.C. § 216;

    B.    That, at the earliest possible time, the Court issue notice to or permit Plaintiff to notify all persons in the Class that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

    C.    That the Court declare, adjudge, and decree that (a) Plaintiff and members of the Class were and are, at all times relevant hereto, entitled to be paid overtime for work beyond 40 hours per week; and (b) the amount of unpaid overtime to which Plaintiff and Class members are entitled is to be doubled as liquidated damages and awarded thereto;

D. An award to Plaintiff and the Class of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

E. Attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

Dated: December 22, 2008
s/Edward J. Feinstein
Edward J. Feinstein (PA ID No. 29718)
efeinstein@stemberfeinstein.com
Janice M. Pintar (PA ID No. 207322)
jpintar@stemberfeinstein.com
Stephen M. Pincus (PA ID No. 88976)
spincus@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE &
 PAYNE, LLC
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-8400 phone

John Newborg
jdnewborg@aol.com
428 Forbes Avenue
220 Lawyers Building
Pittsburgh, PA 15219
(412) 281-1106 phone

*Attorneys for the Plaintiff Jane Cahill,
individually and on behalf of other employees similarly situated*